IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| CHRISTOPHER PARSONS, | ) | CASE NO. 1:18-CV-02881 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

Before me[1] is an action by Christopher Parsons under 42 U.S.C. §§ 405(g), 1383

(c)(3) seeking judicial review of the 2018 decision of the Commissioner of Social Security

that denied Parsons' 2015 application for supplemental security income.[2] The

Commissioner has answered[3] and filed the transcript of the administrative proceeding.[4]

Pursuant to my initial orders[5] the parties have briefed their positions and filed supplemental

fact sheets.[6] The parties participated in a conference intended, *inter alia*, to narrow the

issues for review and/or to consider grounds for a joint motion for remand, but jointly

---

[1] The parties have consented to my exercise of jurisdiction. ECF No. 21.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF Nos. 7, 15.
[6] ECF Nos. 17 (Parsons fact sheet), 18 (Parsons brief), 23 (Commissioner brief and fact sheet).

1

certified that "no basis" was found for any such action.[7] They subsequently participated in a telephonic oral argument.[8]

For the reasons stated below, the decision of the Commissioner will be affirmed.

The issue in this case is whether the findings at Step Three are supported by substantial evidence.[9]

An analysis of that matter starts with the list of severe impairments at Step Two. There the ALJ determined the severe impairments were: "left shoulder injury, post-traumatic stress disorder (PTSD), and schizoaffective disorder (20 C.F.R. 416.920 (c))."[10] At Step Three ALJ then immediately proceeds, as required by the sequential evaluation process, to assess whether any such listed impairment or combination of impairments meets or medially equals a listing.[11]

Here, the ALJ evaluated the severity of Parsons' mental impairments by looking to the B and C criteria in listings 12.06 and 12.10.[12] After saying that he is reviewing the listed impairments under the "paragraph B" criteria of the two stated listings, the ALJ concluded that because Parsons' limitations are not "marked" in two categories or "extreme" in one, Parsons has not met or equaled a listing.[13] He further found that the paragraph C criteria

---

[7] ECF No. 25.
[8] ECF No. 27.
[9] ECF No. 18 at 4.
[10] Tr. at 11.
[11] *Id*. at 12.
[12] *Id*.
[13] *Id*.

were not met because Parsons was "able to prepare his daily meals, care for a child, go out alone, and manage his finances."[14]

But, Listing 12.06 deals with "Anxiety and obsessive-compulsive disorders,"[15] while Listing 12.10 is concerned with "Autism spectrum disorder."[16] Plainly, neither listing actually examined by the ALJ is the correct listing for either PTSD[17] or schizoaffective disorder[18] –the two mental impairments found severe at step 2.[19]

The Commissioner argues that the error was harmless because the ALJ analyzed Parsons' limitations under the criteria of subsections (B) and (C) of Listing 12.06, which criteria are identical to those in Listings 12.03 and 12.15.[20]

Magistrate Judge Limbert addressed this exact issue in *Sanders v. Colvin*.[21] There, in terms similar to those used by the Commissioner, that he found an analysis under the B criteria of Listing 12.03 instead of the same section of Listing 12.04 was harmless error because the only differences between the two listings are in the A section and at the beginning of the C section.[22] I agree. Any error here was harmless. Nevertheless, the error

---

[14] *Id.* at 13.
[15] 20 C.F.R. Ch. III, pt. 404, Subpt. P, Appx. 1.
[16] *Id.*
[17] Listing 12.15 "Trauma and stressor-related disorders."
[18] Listing 12.03 "Schizophrenia spectrum and other psychotic disorders."
[19] Tr. at 11.
[20] ECF No. 23.
[21] 2014 WL 2802977 (N.D. Ohio June 19, 2014).
[22] *Id.* at *13.

here should not have occurred. The state agency reviewing psychologists gave opinions under Listings 12.06 and 12.08,[23] neither applicable to Parson's several impairments.

The ALJ failed to recognize the disconnect basing his decision on Listing 12.06 and 12.10.[24] Two state agency reviewing psychologists and the ALJ failed to identify the correct listings applicable to Parson's severe impairments. The Court's harmless error finding should not be taken as any endorsement of the carelessness displayed by the agency's analysis in this case.

In addition to this, Parsons argues that the ALJ erred in finding that he met the C criteria of the relevant listings.[25] To satisfy paragraph C of both listings the relevant disorder must be "serious and persistent," that is, the medical evidence must show that the disorder has persisted for at least two years and also satisfies the criteria in both C1 and C2.[26] For 12.03, C1 concerns medical treatment in a structured setting[27] and C2 requires a finding of "marginal adjustment," that is, a minimal capacity to adjust to changes in daily life.[28] For 12.15, C1 and C2 are similar.[29]

The dispute here seems to be over C2 in both listing. Parsons essentially maintains that the ALJ did not specifically analyze each subsection and instead dismissed compliance

---

[23] Tr. At 61, 74
[24] Tr. At 12
[25] ECF No. 18 at 6.
[26] 20 C.F.R. Ch. III, Pt. 404, Subpt. P., Appx. 1., 12.00 (A)(2)(C).
[27] 12.03 (C)(1).
[28] 12.03 (C)(2).
[29] 12.15(C)(1), (2).

with the C criteria by citing to Parsons' ability to prepare meals and care for a child as evidence he has more than a minimal capacity to adjust to changes in his daily life.

However, as the Commissioner points out, the ALJ did extensively discuss Parsons' ability to function "very well" in a wide range of activities.[30] She further cited to record evidence of treatment notes showing normal mood, fair insight and judgment, and a "completely normal mental status exam."[31] In addition, the ALJ cited to the results of a consultative examination which contained mostly normal findings but noted that Parsons would experience "difficulty" in managing frustration and controlling impulses, "and would likely depend on others to structure his life."[32]

That said, it is also significant that the ALJ gave great weight[33] to the opinion of Courtney Zeune, Psy.D., a state agency reviewing source, who in 2016, concluded that although Parsons needed a "relatively static work environment where changes are minor and infrequent," he nonetheless as "not significantly limited in his ability to perform activities within a schedule, maintain regular attendance, sustain an ordinary routine and maintain socially appropriate behavior.[34]

---

[30] Tr. at 14.
[31] *Id.*
[32] *Id.* at 15.
[33] *Id.* at 17.
[34] *Id.* at 78-79.

Here, there are no contrary medical opinions. The ALJ was entitled to rely on the functional opinion of the state agency reviewer, which provides substantial evidence for the ALJ's conclusions regarding the C criteria here.

Accordingly, for the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: January 31, 2020                          s/William H. Baughman Jr.
                                                 United States Magistrate Judge